**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enterprise Bank & Trust, a Missouri chartered trust company,<br><br>                    Plaintiff,<br><br>vs.<br><br>Vintage Ranch Investment, LLC, an Arizona limited liability company; M. Laurin Hendrix and Evelyn Hendrix, husband and wife,<br><br>                    Defendants. | No. CV-11-1797-PHX-LOA<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

This case arises on the Plaintiff's Motion for Default Judgment, filed on March 30, 2012. (Doc. 37) A copy of Plaintiff's Motion and attachments were electronically mailed to Defendants' counsel as required by Federal Rule of Civil Procedure 55(b)(2) and the Court's March 15, 2012 order. (Doc. 35) Defendants have not filed an opposition to Plaintiff's Motion for Default Judgment.

**I. Background**

On September 10, 2007, Legacy Bank of Arizona, the predecessor-in-interest[1] to Plaintiff Enterprise Bank & Trust ("Plaintiff"), a Missouri chartered trust company, made a $5.2 million commercial loan to Defendant Vintage Ranch Investments, LLC, which

---

[1] According to Plaintiff, on January 7, 2011, Legacy Bank was closed by the Arizona Department of Financial Institutions, and the Federal Deposit Insurance Corporation ("FDIC") was named its receiver. The FDIC subsequently assigned Legacy Bank's interest in the subject loan and loan documents to Plaintiff through the Purchase and Assumption Agreement, dated January 7, 2011. (Doc. 1, ¶¶ 13-14 at 3)

was guaranteed by Defendants M. Laurin and Evelyn Hendrix (collectively "Defendants"). (Docs. 1 at 2; 14 at 2)  The loan, which is not subject to Arizona's anti-deficiency laws, was secured by 141.48 acres of land located in Mohave County, Arizona. (*Id.*) According to Plaintiff, Defendants defaulted on the loan by failing to pay $24,535.42 in real property taxes. (Doc. 1 at 3) Plaintiff accelerated the loan and, on September 13, 2011, filed this breach of contract action to collect on the deficiency. (Docs. 1, 14 at 2)  A trustee's sale of the property was held on January 5, 2012. In accordance with Arizona law, the proceeds of that sale ($250,000.00) must be applied as a credit against the loan balance.

According to Defendants, who answered and appeared in this action, Plaintiff grossly miscalculated the interest payments from Defendants' restricted account from which payments on the commercial loan were made and, as a result, Plaintiff significantly overpaid itself. (*Id.*) Defendants also claimed the subject property was worth more than the alleged balance owed, and as such, there is no deficiency owed after the trustee's sale. (*Id.* at 3)

The District Court of Arizona has original subject-matter jurisdiction based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Missouri, the Defendants are all citizens and residents of Arizona, and the amount in controversy exceeds $75,000. (*Id.*) All parties expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P., with the approval of United States District Judge Neil V. Wake. (Doc. 19)

After the Court held a Rule 16 scheduling conference on January 19, 2012, issued an amended scheduling order, doc. 28, and set a 3-day bench trial beginning on July 16, 2012, Defendants inexplicably filed a Notice of Withdrawal of Answer on February 27, 2012. (Doc. 29)  On February 28, 2012, the Court issued an OSC, directing Defendants to show cause in writing on or before March 9, 2012, why the Court should not consider Defendants' Notice of Withdrawal of Answer as Defendants' voluntary consent to the entry of Defendants' default and default judgment pursuant to Rule 55, Fed.R.Civ.P., on

Plaintiff's Complaint. (Doc. 32) Out of an abundance of caution, defense counsel was ordered to provide a signed copy of the OSC to each of their clients within three business days of counsels' receipt of the OSC. Defendants did not file a response to the Court's Order to Show Cause.

Finding Defendants voluntarily withdrew their answer and abandoned this litigation, on March 15, 2012, the Court directed the Clerk of Court to enter default against Defendants Vintage Ranch Investments, LLC, M. Laurin Hendrix and Evelyn Hendrix pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 35) On the same day, the Clerk entered Defendants' default. (Doc. 36)

## II. Arizona Law Applies

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Arizona substantive law applies to this diversity action.

## III. Default Judgments

Following the entry of default, Rule 55(b)(2), Fed.R.Civ.P., permits a district court to enter final judgment in a case. Entry of default judgment, however, is not a matter of right. "Its entry is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *Eason v. Indymac Bank, FSB*, 2010 WL 1962309, * 1 (D.Ariz. May 14, 2010) (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) and *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). "[A]ll well-pleaded facts in the complaint are taken as true, except those relating to damages." *Black & Decker (U.S.), Inc. v. All Spares, Inc*., 2010 WL 3034887, 2 (D.Ariz. Aug. 3, 2010) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

In determining a plaintiff's damages, a district court may rely on the declarations submitted by the plaintiff or conduct a full evidentiary hearing, Fed. R. Civ. P. 55(b)(2), and "can award only up to the amount prayed for by a plaintiff in its complaint." *Black &*

1  *Decker*, 2010 WL 3034887 at 3 (citing *Truong Giang Corp. v. Twinstar Tea Corp*., 2007
2  WL 1545173, at * 13 (N.D.Cal. 2007)). "[P]laintiff's burden in 'proving up' damages on
3  a motion for default judgment is relatively lenient. If proximate cause is properly alleged
4  in the complaint, it is admitted upon default. Injury is established and plaintiff need prove
5  only that the compensation sought relates to the damages that naturally flow from the
6  injuries pled." *Id*. (citing *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D.
7  494, 498 (C.D.Cal., 2003) (citations omitted). "Entry of default judgment is not manda-
8  tory upon Plaintiff's request, and the court has discretion to require some proof of the
9  facts that must be established in order to determine liability." *Martino v. Chapman*, 2008
10 WL 110948, * 1 (D.Ariz. Jan. 8, 2008) (quoting *Apple Computer Inc. v. Micro Team*,
11 2000 WL 1897354, at * 3 n. 5 (N.D.Cal. December 21, 2000) (citing 10A Charles Alan
12 Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3rd ed. 1998)).
13 Fundamental fairness, required by due process of law, limits the scope of relief, which is,
14 undoubtedly, why Rule 54(c), Fed.R.Civ.P., proscribes that a "default judgment must not
15 differ in kind from, or exceed in amount, what is demanded in the pleadings." *Freemyer*
16 *v. Kyrene Village II, LLC*, 2011 WL 42681, * 3 (D.Ariz. Jan. 6, 2011) (citing *Philip*
17 *Morris USA*, 219 F.R.D. at 498 and quoting Rule 54(c), Fed.R.Civ.P.).

18  District courts in the Ninth Circuit have held that "doubts about the actual assess-
19 ment of damages [awarded at a default hearing] will be resolved against the party who
20 frustrates proof of such, and the factfinder may calculate damages at the highest reason-
21 ably ascertainable value." *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd*., 175 F.R.D.
22 658, 663 (S.D.Cal. 1997) (quoting *Nintendo v. Ketchum*, 830 F.Supp. 1443, 1445-1446,
23 (M.D.Fla. 1993) (cited with approval on other grounds in *Nintendo v. Dragon Pacific*
24 *International*, 40 F.3d 1007 (9th Cir. 1994)).

25  The Ninth Circuit has enumerated seven factors for a district court to consider
26 in determining whether to grant a default judgment: (1) the merits of the plaintiff's sub-
27 stantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the
28 action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute con-

1  cerning material facts; (6) whether the default was due to excusable neglect; and (7) the
2  strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the
3  merits. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); *Truong Giany Corp. v. Twinstar*
4  *Tea Corp.*, 2007 WL 1545173 (N.D. Cal. 2007). After considering and weighing all these
5  factors, the undersigned Magistrate Judge finds that they weigh strongly in favor of
6  entering default judgment against Defendants.

7  Because Plaintiff seeks default judgment in the specific amount of $5,063,586.20,
8  doc. 1, ¶ 20 at 4, and pre-and post-judgment interest pled in the Complaint; taxable costs
9  that can be made certain by computation; and due to the complexity of the damage calcu-
10 lations, the Court, rather than the Clerk of Court, will enter default judgment pursuant to
11 Federal Rule of Civil Procedure 55(b)(2) without a hearing. Plaintiff has also timely filed
12 an Application for Attorneys' Fees and Statement of Costs, requesting an award of
13 attorneys' fees in the amount of $14,986.00, and non-taxable costs in the amount of
14 $121.25. (Doc. 40)

15 **IV. Findings of Fact**

16 1. On September 13, 2011, Plaintiff filed its Complaint in this action. (Doc. 1)
17 2. On October 7, 2011, Defendants filed their Answer to Plaintiff's Complaint.
18 (Doc. 9)
19 3. On February 27, 2012, after significant discovery, Defendants filed a Notice of
20 Withdrawal of Answer. (Doc. 29)
21 4. On February 28, 2012, Plaintiff filed an Application for Entry of Default, upon
22 which the Clerk of the Court entered Defendants' default on February 28, 2012. (Docs.
23 30-31)
24 5. On February 28, 2012, the Court vacated the entry of default and issued an
25 Order to Show Cause to Defendants why the Court should not consider Defendants'
26 Notice of Withdrawal of Answer as Defendants' voluntary consent to entry of default and
27 default judgment pursuant to Fed. R. Civ. P. 55(b). (Docs. 32-33)
28 6. Defendants did not respond to the Order to Show Cause, and the Court deter-

- 5 -

1  mined that Defendants' failure to respond renders "the entry of default judgment
2  appropriate." (Doc. 35 at 1)  The Clerk again entered Defendants' default on March 15,
3  2012. (Doc. 36)

4      7. Defendants' default concedes the truth of the allegations of the complaint as to
5  Defendants' liability. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)
6  ("The general rule of law is that upon default the factual allegations of the complaint,
7  except those relating to the amount of damages, will be taken as true.") (citations
8  omitted).

9      8. Plaintiff's claims against Defendants are for a sum certain and for sums that can
10  be made certain by computation. Rule 55(b)(2), Fed.R.Civ.P.

11      9.  Plaintiff is entitled to the unpaid principal balance under the loan and loan
12  documents in the sum of $5,215,184.69 as of March 26, 2012, which includes the credit
13  bid at the trustee's sale. (Docs. 1, ¶ 20; 37-1, Exhibit 1, ¶ 7 at 3)  Plaintiff is also entitled
14  to interest at the contractual default rate provided in the loan documents (interest rate of
15  9.250% per annum plus 5% for default equals 14.25%) from March 26, 2012, until paid
16  in full; and attorneys' fees and costs of collection pursuant to the loan documents agreed
17  to by Defendants. (Docs. 1, ¶ 26, Exhibit A, doc. 1-1 at 2; 37-1, Declaration of Eric
18  Anderes, Exhibit 1, ¶ 7 at 3)

19      10. As a result of Defendants' default on the subject loan, Plaintiff sustained
20  damages in the amount to $5,215,184.69 as of March 26, 2012, with interest accruing at
21  the rate of $1,247.34 per day (14.25% interest per year)). (Doc. 37-1, Declaration of Eric
22  Anderes, Exhibit 1, at ¶ 7)  Plaintiff's damages include unpaid principal, interest, and
23  expenses, including the real property taxes which Plaintiff paid on Defendants' behalf.
24  (*Id.*) Plaintiff also incurred non-taxable costs in the amount of $121.25 for a hearing
25  transcript, and taxable costs in the amount of $618.80 in filing and service of process fees.
26  (*Id.*; docs. 38-39)

27      11. Plaintiff is the prevailing party in this contract action and, as such, is entitled to
28  an award of its attorneys' fees and costs from Defendants under the note and guaranty.

(Doc. 1, Exhibits A and D to Plaintiff's Complaint)  The applicable provision of the note states that "[b]orrower will pay . . . Lender's [Plaintiff] attorneys' fees and Lender's legal expenses," as well as "any court costs." (Doc. 1-1, Exhibit A at 2 )  The applicable provision of the guaranty states that "[G]uarantor agrees to pay upon demand *all* of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." (Doc. 1-1, Exhibit D at 2 ) (emphasis added).

12. Plaintiff has incurred reasonable attorneys' fees in this lawsuit in the amount of $14,986.00. (Doc. 40 at 1) After examination of Plaintiff's fees application and its attachments, the Court finds that the various hourly rates of the four attorneys and two paralegals who worked on this case for Plaintiff are reasonable and the attorneys' time spent working on this case was reasonable. (Doc. 40-1, Exhibit 1 at 2-34)

13. Plaintiff incurred non-taxable costs in the amount of $121.25 for a hearing transcript. (Doc. 40-1, Exhibit 1, ¶ 16 at 5)

14. The fair market value of the property that is the subject of this lawsuit was worth $250,000.00 as of December 4, 2011, which is applied as a credit against the amount owed by Defendants pursuant to A.R.S. § 33-814, the date of the trustee's sale. (Doc. 37-2 at 2-3; Declaration of Appraiser Randall Clemson, Exhibit 2)

15. Defendants are not infants or incompetent persons, and are not in the military service of the United States of America. (Doc. 37-1 at 2-3; Declaration of Eric Anderes, Exhibit 1, ¶¶ 5-6)

16. All parties have expressly and voluntarily consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636 (c) and Rule 73, Fed.R.Civ.P., with the approval of United States District Judge Neil V. Wake. (Doc. 19)

**V. Conclusions of Law**

1. "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Arizona substantive law applies to this diversity action.

1    2. This District Court has jurisdiction over this case pursuant to 28 U.S.C. §
2    1332(a)(1), because the amount in controversy exceeds $75,000 and the parties are
3    completely diverse.

4    3. Venue in the District Court of Arizona is proper pursuant to 28 U.S.C. §
5    1391(a).

6    4. It is reasonable to exercise personal jurisdiction over the Defendants in Arizona
7    because they are residents of Arizona, who live in Maricopa County. Defendant Vintage
8    Ranch Investment, LLC is an Arizona limited liability company whose members are
9    citizens and residents of Arizona.

10   5.  Defendants were  properly and lawfully served with the Summons and
11   Complaint in accordance with federal and Arizona procedural law, respectively.[2]

12   6. The parties expressly consented in writing to magistrate-judge jurisdiction
13   pursuant to 28 U.S.C. § 636(c) and, therefore, this Magistrate Judge has jurisdiction to
14   enter judgment against Defendants. (Doc. 19)

15   7. The undersigned full-time Magistrate Judge has the authority to enter a valid,
16   binding, and final judgment based upon the parties' express consent pursuant to 28
17   U.S.C. § 636(c). "The Federal Magistrate Act provides that '[u]pon the consent of the
18   parties, a full-time United States magistrate judge . . . may conduct any or all proceedings
19   in a jury or nonjury civil matter and order the entry of judgment in the case, when
20   specially designated to exercise such jurisdiction by the district court.'" *Roell v. Withrow*,
21   538 U.S. 580, 585 (2003) (quoting 28 U.S.C. § 636(c)(1); *see also*, *Technical Automation*
22   *Services Corp. v. Liberty Surplus Ins. Corp.*, 2012 WL 688520, * 5 (5th Cir. March 5,

---

[2] Federal Rule of Civil Procedure 4 contains the provisions on the manner in which service of process should occur, and a plaintiff may utilize the service of process rules that apply in the state in which the federal district court is located. Fed.R.Civ.P. 4(e)(1). Therefore, service of process will be upheld if it conforms to either federal or applicable state service of process rules. *Robinson v. Heritage Elementary School*, 2009 WL 1578313, * 2 (D.Ariz. June 3, 2009).

1  2012) (Upon consent of all parties, "[f]ederal magistrate judges have the constitutional
2  authority to enter final judgments on state-law counterclaims") (distinguishing *Stern v.*
3  *Marshall*, ___ U.S. ___, 131 S.Ct. 2594 (2011)).

4     8. To prevail on a claim for breach of contract, a plaintiff must prove the existence
5  of a contract between the plaintiff and defendant, a breach of the contract by the
6  defendant, and resulting damage to the plaintiff. *Coleman v. Watts*, 87 F. Supp. 2d 944,
7  955 (D. Ariz. 1998) (citing *Clark v. Compania Ganadera de Cananea*, S.A., 387 P.2d
8  235, 237 (Ariz. 1963)).

9     9. By virtue of Defendants' default, Plaintiff is entitled to contractual damages in
10 the sum $5,215,184.69 as of March 26, 2012, with interest accruing at the rate of
11 $1,247.34 per day (14.25% interest per year), jointly and severally, against Defendants.
12 (Doc. 37-1, Declaration of Eric Anderes, Exhibit 1, at ¶ 7)

13    10. Plaintiff is the prevailing party in this action. Under Arizona law, when a
14 contract provides for the recovery of attorney's fees to the prevailing party, then such a
15 fees award is mandatory. *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575, 880 P.2d
16 1109, 1121 (Az.Ct.App. 1994) ("Unlike fees awarded under A.R.S. § 12–341.01(A), the
17 court lacks discretion to refuse to award fees under [a] contractual provision."). Similarly,
18 where, as here, the relevant contractual provision states that the Defendants will pay "all"
19 fees incurred, the Court must award all fees sought, unless the fees are "obviously
20 excessive." *McDowell Mt. Ranch Cmty. Ass'n v. Simmons*, 216 Ariz. 266, 269, 165 P.3d
21 667, 670 (Az.Ct.App. 2007) ("[I]t is well-settled in Arizona that "[c]ontracts for payment
22 of attorneys' fees are enforced in accordance with the terms of the contract." ) (citations
23 omitted).

24    11. Plaintiff is entitled to an award of attorneys' and paralegal fees in the sum of
25 $14,986.00, which are not obviously excessive; non-taxable costs in the amount of
26 / / /
27 / / /
28 / / /

- 9 -

$121.25 for a hearing transcript; and taxable costs in the amount of $618.80.

Based on the foregoing,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment, doc. 37, against Defendants is **GRANTED**;

2. Plaintiff's Application for Attorneys' Fees and Statement of Costs, doc. 40, 38, is **GRANTED**; and

3. Judgment be entered in favor of Plaintiff Enterprise Bank & Trust, a Missouri chartered trust company, and against Defendants Vintage Ranch Investment, LLC, an Arizona limited liability company, M. Laurin Hendrix and Evelyn Hendrix, husband and wife, jointly and severally, in the amount of $5,230,910.74 ($5,215,184.69 + $14,986.00 + $121.25 + $618.80 = $5,230,910.74) which includes Plaintiff's non-taxable costs in the amount of $121.25, and taxable costs in the amount of $618.80 allowed by Rule 54(d)(1), LRCiv 54.1, and 28 U.S.C. § 1920. *See*, *In re Apollo Group, Inc. Securities Litigation*, 2009 WL 2169178, * 2 (D.Ariz. July 17, 2009) ("[T]he taxation of costs lies within the trial court's sound discretion. However, Rule 54(d)(1) creates a presumption that favors the prevailing party's recovery of authorized costs. It is incumbent upon the party opposing the recovery of costs to overcome the presumption."). The Judgment shall earn interest at the annual interest rate of 14.25% from the date of entry of this Judgment until paid in full.

The Clerk is kindly directed to enter Judgment consistent with this order pursuant to Rule 58(a), (b)(2), Fed.R.Civ.P.

Dated this 16th day of April, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge