**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enterprise Bank & Trust, a Missouri chartered trust company,<br><br>Plaintiff,<br><br>vs.<br><br>Vintage Ranch Investment, LLC, an Arizona limited liability company; M. Laurin Hendrix and Evelyn Hendrix, husband and wife,<br><br>Defendants. | No. CV-11-1797-PHX-LOA<br><br>**ORDER** |

This case comes before the Court on Plaintiff/Judgment Creditor Enterprise Bank & Trust's ("Plaintiff") Motion for Substitution of Non-Party. (Doc. 44) Despite Plaintiff's notice pursuant to Rule 5(a)(1), no response has been filed by Defendants/Judgment Debtors or their counsel. The original parties expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P. (Doc. 19) This Magistrate Judge retains full jurisdiction herein even though Plaintiff's successor in interest, Yellowdog Investments, LLC, has not consented. *See Kowalski v. Mommy Gina Tuna Resources*, 2008 WL 2971508 (D. Haw. Aug. 1, 2008).

Generally, Federal Rule of Civil Procedure 25(c) authorizes a person or legal entity with an interest in an action "to be substituted in the action" for an original party.[1] *See*

---

[1] Rule 25(c), Fed.R.Civ.P., provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served

*generally In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Rule 25(c) is purely procedural and does not confer any substantive rights. *Hilbrands v. Far East Trading Co., Inc.*, 509 F.2d 1321, 1323 (9th Cir. 1975). "Substitution may be ordered after judgment has been rendered in the district court for the purpose of subsequent proceedings to enforce judgment." *JATSB, LLC v. Timeshare Beat, Inc.*, 2008 WL 4809484, at *2 (D. Haw. Nov. 4, 2008) (quoting *Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 907 (1st Cir. 1987) (citing 3B J. Moore, & J. Kennedy, Moore's Federal Practice § 25.03 at 25–27 (1987)). "The decision to allow substitution is left to the district court's discretion." *In re USA Commercial Mortg. Co.*, 2009 WL 1490568, at *3 (D. Nev. April 20, 2009), *affirmed by In re USA Commercial Mortg. Co.*, 397 Fed. Appx. 300 (9th Cir. 2010)).

The public records of the Arizona Corporation Commission confirm Yellowdog Investments, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona. (www.azcc.gov, last viewed on June 25, 2013)

Plaintiff's motion will be granted because Plaintiff has assigned its interest in the April 16, 2012 Judgment to Yellowdog Investments, LLC on May 16, 2013.

There being no objection and good cause appearing,

**IT IS ORDERED** that Plaintiff Enterprise Bank & Trust's Motion for Substitution of Non-Party, doc. 44. is **GRANTED**. Plaintiff's successor in interest, Yellowdog Investments, LLC, is hereby substituted in this action and Judgment for Enterprise Bank & Trust, a Missouri chartered trust company.

Dated this 25th day of June, 2013.

Lawrence O. Anderson
United States Magistrate Judge

---

as provided in Rule 25(a)(3)."

- 2 -