**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yellowdog Investments, LLC, an Arizona limited liability company and Successor-in-Interest to Enterprise Bank & Trust, a Missouri chartered trust company,<br><br>        Plaintiff,<br><br>vs.<br><br>Vintage Ranch Investment, LLC, an Arizona limited liability company; M. Laurin Hendrix and Evelyn Hendrix, husband and wife,<br><br>        Defendants. | No. CV-11-1797-PHX-LOA<br><br>**ORDER** |

This contract action comes before the Court on Plaintiff Yellowdog Investments, LLC's ("Yellowdog") Motion for Relief from Judgment as to Evelyn Hendrix only. (Doc. 46) Yellowdog informs the Court that Defendant Evelyn Hendrix, the current or former spouse of Defendant M. Laurin Hendrix, "[h]as satisfied, and been released and discharged of, her obligations under the April 16, 2012 Judgment (the "Judgment") entered in this action." (*Id.*) Yellowdog requests Evelyn Hendrix only be released from the April 16, 2012 Judgment.

On June 25, 2013, the Court granted former Plaintiff Enterprise Bank & Trust's Motion for Substitution of Non-Party. (Docs. 44-45) Pursuant to Federal Rule of Civil Procedure 25(c), Plaintiff Yellowdog Investments, LLC, successor-in-interest in this action and Judgment to Enterprise Bank & Trust, a Missouri chartered trust company, was

substituted in this action and Judgment as Plaintiff. (*Id.*)

Federal Rule of Civil Procedure 60(b)(5) provides a defendant in a civil case may obtain relief from a final judgment when the "[t]he judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" "The 'satisfied, released, or discharged' clause of Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (citations omitted). While Plaintiff does not explain why a simple filing with the Clerk of Court a partial satisfaction of judgment according to Arizona law in this diversity action would not have satisfied the judgment to Evelyn Hendrix only, applying Rule 60(b)(5), Fed.R.Civ.P., to Plaintiff's motion "comports with the plain language of the rule." *Id.* at 996 (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 873 (7th Cir. 1983) (Rule 69(a) requires application of state law to satisfaction of judgment issue)).

Pursuant to Plaintiff's request and good cause appearing,

**IT IS ORDERED** that Plaintiff Yellowdog Investments, LLC's Motion for Relief from Judgment as to Evelyn Hendrix only, doc. 46, is **GRANTED**. Defendant/Judgment Debtor Evelyn Hendrix **ONLY** has satisfied, and is hereby relieved from, the April 16, 2012 Judgment entered this action.

On the Court's own motion,

**IT IS FURTHER ORDERED** that the parties shall use the above caption in all future filings herein.

Dated this 9th day of July, 2013.

*(signature)*
Lawrence O. Anderson
United States Magistrate Judge

- 2 -